QUESTION: Are pretrial detainees and convicted misdemeanants confined in the county jail who are not in any way disabled from voting or registering to vote under the Florida Constitution eligible to register and vote under the absentee provisions of ss. 97.063 and 101.62, F.S.?
SUMMARY: A pretrial detainee or convicted misdemeanant incarcerated in the county jail who is not in any way disabled from voting or registering as an elector under the Florida Constitution should not be denied the right to register and vote under the absentee provisions of ss. 97.063 and 101.62, F.S. In AGO 072-376 I concluded that an elector incarcerated in a county jail awaiting trial is not an "absent elector" as defined by s.97.021(6), F.S., and, therefore, is not eligible to vote an absentee ballot. O'Brien v. Skinner, 38 L.Ed.2d 702 (1974), held that the denial by New York of the right to register and vote by absentee means in the case of pretrial detainees and prisoners serving sentences pursuant to misdemeanor convictions (and who otherwise were not subject to any voting disabilities), was a denial of equal protection of the laws guaranteed by the Fourteenth Amendment. The statutory scheme for registration and absentee voting in New York in the O'Brien case was not unlike Florida's system. New York permitted absentee registration and voting if a voter was unable to appear personally because of illness, physical disability, or duties, occupation, or business. Absentee voting, but not registration, was allowed if the voter was away from his residence on election day because confined in a veteran's hospital or away on vacation. O'Brien v. Skinner, supra,38 L.Ed.2d at 705. Florida's absentee procedures are similar. As long as a person is qualified to register pursuant to s. 97.041, F.S. (1974 Supp.), he may register by absentee means if he falls within the enumerated categories of s. 97.063, F.S. (1974 Supp.). (A person convicted of a felony whose civil rights have not been restored and persons confined in any state prison are not entitled to vote. Section 97.041(3)(b) and (d).) Absentee registration may be accomplished by members of the armed forces, state residents who are physically disabled, and United States citizens who are permanent residents of Florida who are temporarily residing outside the country, state, or county. Thus, a pretrial detainee or a convicted misdemeanant incarcerated in the county jail of his residence would be unable to register by absentee means. Indeed, s. 97.021(6)(e), F.S., defines "absentee elector" to include a person who will not be in the county of his residence during the hours the polls will be open, but excluding "persons confined in prison or jail"; thus, even pretrial detainees and misdemeanants in county jails outside their county of residence would appear to be barred from using the absentee process. See AGO 072-376. Florida's statutory system thus appears to be identical in all relevant characteristics to the New York situation in the O'Brien case, supra. In both states, pretrial detainees and convicted misdemeanants in county jails who are otherwise qualified to register are precluded from using absentee means because of statutory requirements. Also, in both states there are extensive provisions for allowing other electors who physically cannot present themselves to register to utilize the absentee process. Consequently, it is my opinion that pretrial detainees or convicted misdemeanants who are otherwise legally qualified to register and vote should not be denied the right to register and vote pursuant to the absentee provisions of ss. 97.063 and 101.62, F.S.